IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GUTIERREZ, | No. C-11-4740 TEH (PR) |
|     Petitioner, | ORDER TO SHOW CAUSE AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS |
|     v. | |
| C. GIBSON, Warden, | |
|     Respondent. / | Doc. #2 |

      Petitioner, a state prisoner incarcerated at Corcoran State Prison in Corcoran, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Santa Clara County Superior Court. Doc. #1.

I

      According to the Petition, in September 2008, Petitioner was sentenced to twenty-seven years and four months in state prison following his conviction for burglary, assault with a deadly weapon, felony vandalism, possession of a billy club, and being under the influence of methamphetamine. Doc. #1 at 2. Petitioner

unsuccessfully appealed his conviction to the state appellate courts and to the California Supreme Court. Doc. #1 at 3. Petitioner sought post-conviction relief in the California Supreme Court, which was denied on July 27, 2011. Doc. #1 at 4. The instant federal Petition for a Writ of Habeas Corpus followed.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that:

(1) trial counsel Jessica Delgato was ineffective for failing to call certain witnesses (Doc. #1-1 at 3), failing to attack the allegedly improper identification of Petitioner (id.), and tampering with witness Hernandez;

(2) trial counsel Kipp Davis was ineffective for failing to address inaccuracies and errors in the testimony provided by witness Hernandez (id. at 5), coercing Petitioner to plead guilty (id. at 5), failing to ensure the chain of custody of a key piece of evidence (camera) (id. at 7), failing to object to the introduction of allegedly prejudicial photos of Petitioner (id. at 9-10), failing to impeach witnesses who lied on the stand (id. at 13), failing to

2

cross-examine the blood technician who examined Petitioner and the doctor who examined witness Hernandez (id. at 16), and failing to contest the trial court's application of a prior conviction in determining Petitioner's sentence (id. at 20-21);

(3) prosecutorial misconduct in allegedly mishandling and misrepresenting the chain of custody regarding a key piece of evidence (id. at 6-9) and in introducing allegedly prejudicial pictures of Petitioner (id. at 9-10);

(4) judicial misconduct in allowing Mr. Davis to represent Petitioner after Mr. Davis allegedly admitted to threatening Petitioner (id. at 6), and for failing to hear a Mardsen motion (id. at 15);

(5) appellate counsel was ineffective for failing to raise the above issues in Petitioner's direct appeal, and for failing to communicate openly with Petitioner;

(6) the restitution fine was excessive and constituted cruel and unusual punishment in violation of the Eighth Amendment (id. at 21); and

(7) juror misconduct and bias on the parts of Jurors 6, 10 and 12 (id. at 22).

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

//
//
//

3

**III**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

4. Petitioner's request to proceed <u>in forma pauperis</u>

4

1  (Doc. #2) is DENIED because he has sufficient funds to pay the $5.00
2  filing fee in this action.  Petitioner must pay the $5.00 filing fee
3  no later than May 7, 2012 or this action may be dismissed.
4          5.  Petitioner is reminded that all communications with
5  the Court must be served on Respondent by mailing a true copy of the
6  document to Respondent's counsel.  Petitioner also must keep the
7  Court and all parties informed of any change of address.
8          IT IS SO ORDERED.

10  DATED    _04/05/2012_         _____
                                   **THELTON E. HENDERSON**
11                                 **United States District Judge**

G:\PRO-SE\TEH\HC.11\Guiterrez-11-4740-osc.wpd

**United States District Court**
For the Northern District of California

5